UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 14-21307-Civ-WILLIAMS

MARICELIA SOTO,

Plaintiff,

v.

MIAMI-DADE COUNTY, a political subdivision
of the State of Florida;
OFFICER KATHLEEN COLUMBRO,
OFFICER KIMBERLY NANNEY, individually,

      Defendants.

_____/

**DEFENDANTS MIAMI-DADE COUNTY, OFFICER
KATHLEEN COLUMBRO, AND OFFICER KIMBERLY
NANNEY'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendants Miami-Dade County, Officer Kathleen Columbro, and Officer Kimberley Nanney move to dismiss the Second Amended Complaint (DE 14) pursuant to Federal Rule of Civil Procedure 12(b)(6), qualified immunity and sovereign immunity.

**INTRODUCTION**

In response Defendants' motion to dismiss, Plaintiff filed a First Amended Complaint and, after additional consultation, a Second Amend Complaint, which defendants consented to. The main thrust of the amendments is to plead the state law battery and false arrest claims, as well as the federal excessive force and false arrest claims, in the alternative, as required by applicable state and federal caselaw.[1]

---

[1]    This body of caselaw provides that because any force incident to an unlawful arrest is also unlawful, claims for excessive force in the course of an unlawful arrest merge into the false arrest claim as elements of the plaintiff's damages. *See Bashir v. Rockdale Cnty., Ga.*, 445 F.3d 1323, 1332 (11th Cir. 2006) (federal claims); *Jackson v. Sauls*, 206 F.3d 1156, 1171 (11th Cir. 2000) (same); *Soto v. City of Miami Beach*, 13-20057-CIV, 2014 WL 2832105, at * 6, ---

The structure of the eight-count Second Amended Complaint[2] is as follows:

- State law false arrest (Count I) or, in the alternative, state law assault and battery (Count IV) against Miami-Dade County.

- False arrest under 42 U.S.C. § 1983 (Count II) or, in the alternative, excessive force under 42 U.S.C. § 1983 (Count V), against Officer Columbro.

- False arrest under 42 U.S.C. § 1983 (Count III) or, in the alternative, excessive force under 42 U.S.C. § 1983 (Count VI), against Officer Nanney.

- Failure to intervene under 42 U.S.C. § 1983 (Count VII) against Officers Columbro and Nanney.

- First Amendment Retaliation under 42 U.S.C. § 1983 (Count VIII) against Officers Columbro and Nanney.

Although Plaintiff appears to state several causes of action against the individual Officers, it is nevertheless apparent that Plaintiff has overpleaded.  Plaintiff failed the fix the most glaring deficiency in her prior complaint—that, per her own allegations, Miami-Dade County is immune from liability for the type of conduct (i.e., willful violations of civil rights) that the Complaint describes.

Moreover, Plaintiff has added two additional theories of relief that are not supported by the allegations in the Complaint.  First, Plaintiff now alleges that her § 1983 false arrest claims involve violations of both her Fourth and *Fourteenth* Amendment rights.  DE 14 ¶¶ 68. 74.  Claims for false arrest against an arresting officer, however, must be raised under the Fourth Amendment. Second, Plaintiff also added a First Amendment claim against the Officers.  However, this claim does not state a cause of action sufficient to overcome the Officers' qualified immunity and is also time-barred.

---

F.Supp.2d ---- (S.D. Fla. 2014) (state law claims); *Lester v. City of Tavares*, 603 So. 2d 18 (Fla. 5th DCA 1992) (same); *City of Miami v. Albro*, 120 So. 2d 23, 27 (Fla. 3d DCA 1960) (same).

[2]       For brevity and clarity, the Second Amendment Complaint will be referred to as the Complaint throughout this brief.

2

## LEGAL STANDARD

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), the plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.*

In applying *Twombly* and *Iqbal*, the Eleventh Circuit has instructed the district courts to "eliminate any allegations in the complaint that are merely legal conclusions," and "where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (citations omitted). At this stage, "courts may infer from the factual allegations in the complaint obvious alternative explanation[s], which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.*

"A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001). Immunity defense are properly adjudicated at the Rule 12(b)(6) stage because the plaintiff bears the ultimate burden of showing that an immunity should be abrogated. *See id.* at 1022-23. Indeed, the district court must "apply the affirmative defense of qualified immunity at the earliest possible stage in litigation because the defense is immunity from suit and not from damages only." *Id.* at 1022.

OFFICE OF COUNTY ATTORNEY, MIAMI-DADE COUNTY
TELEPHONE (305) 375-5151

## ARGUMENT

I.    **PLAINTIFF'S CLAIM AGAINST MIAMI-DADE COUNTY IS BARRED BY SOVEREIGN IMMUNITY**

The doctrine of sovereign immunity provides that Miami-Dade County is immune from suit under state law except in those circumstances where the State has given its consent to be sued. *See Cauley v. City of Jacksonville*, 403 So. 2d 379, 381 (Fla. 1981) ("Thus the general rule was that state governments, their agencies, and their subdivisions could not be sued in state courts without state consent."). In 1973, Florida gave its consent to be sued in certain tort actions when the Florida Legislature enacted Fla. Stat. § 768.28. The State, however, waived its sovereign immunity from liability for torts "only to the extent specified in this [statute]," Fla. Stat. § 768.28(1) (emphasis added), which established a set of conditions and limitations to suits. One such limitation is that a government entity cannot be sued where an "act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28(9)(a). Sovereign immunity is an immunity from suit not just liability, and it "is a threshold issue that [the Court] must decide before requiring a [municipality] and its officers to answer a complaint against them." *Seminole Tribe of Fla. v. Fla. Dept. of Revenue*, ___ F.3d ___, 2014 WL 1760855 at *3 (11th Cir. May 5, 2014).

Accordingly, Florida courts have routinely held that a governmental entity may not be held liable where its employee's actions were malicious, in bad faith, or showed reckless and wanton disregard for human rights, safety, or property. *See, e.g., City of Fort Lauderdale v. Todaro*, 632 So. 2d 655, 656-58 (Fla. 4th DCA 1994) (reversing verdict against city where jury found employee acted with willful disregard for safety); *Willis v. Dade County Sch. Bd.*, 411 So. 2d245, 246 (Fla. 3d DCA 1982) (affirming trial court's dismissal of complaint that alleged "malicious" assault and battery).

There are three general circumstances in which a claim against a sovereign must be dismissed at the pleading stage under Fla. Stat. § 768.28(9)(a).

The first is when the complaint's general allegations or the specific allegations against the sovereign allege that an officer or employee acts with a mental state that is inconsistent with the

limitation of the sovereign's liability imposed by the statute.  *See, e.g.*, *Fletcher v. City of Miami*, 567 F. Supp. 2d 1389, 1394 (S.D. Fla. 2008) (dismissing city based on sovereign immunity when plaintiff alleges that [i]n doing each of the violations of law complained of in the complaint, Defendants "were *willful, wanton, and malicious* and displayed *a conscious disregard for, and deliberate indifference* to, Plaintiffs' constitutional rights").  That situation is not present here.

The second situation in which a claim must be dismissed under Fla. Stat. § 768.28(9)(a) is when the facts in the complaint state a claim for bad faith, willful, wanton, or malicious conduct , but the plaintiff fails to plead his claim in the alternative such that either the individual employee/officer or the sovereign may be liable, but not both.  *See Mena v. Miami-Dade Cnty.,* 14-20030-CIV, 2014 WL 3667806, at *2 (S.D. Fla. July 22, 2014) (Moreno, J.) (when the complaint stated a cause for willful and malicious conduct, plaintiff's failure to plead in the alternative required that claims against the County be dismissed); *see also McGhee v. Volusia Cnty.*, 679 So. 2d 729, 733 (Fla. 1996) ("In any given situation either the [County] can be held liable under Florida law, or the employee, but not both.").

Finally, there is the third situation where the allegations in the complaint *as a matter of law* cannot be construed as anything other than malicious, bad faith, or wanton conduct, thereby requiring the dismissal of the claims against the sovereign.  *See Dukes v. Miami–Dade County*, Case No: 05–22665–CIV–HUCK/SIMONTON, 2006 U.S. Dist. LEXIS 97041, at *7–8 (S.D. Fla. July 5, 2006) (dismissing an excessive force claim against a county based on Florida's sovereign immunity statute when alleged facts of the arrest could "not be characterized as anything but" malicious or wanton and willful), *aff'd in relevant part*, 232 Fed App'x 907 (11th Cir. 2007)). **Given *Iqbal*'s teaching that the complaint's allegations must plausibly support each theory of liability, the plaintiff must identify which allegations in the complaint show that the officers acted in *good faith*.** *Cf. Ashley v. City of Hialeah*, 11-20490-CIV, 2011 WL 3236051, at *3 n.6 (S.D. Fla. July 28, 2011) ("Dismissal of a claim against a governmental entity is proper under § 768.28(9)(a) when the facts alleged by a plaintiff demonstrate, as a matter of law, that a law enforcement officer acted 'in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.'").  Otherwise, the plaintiff has failed to state a claim against the County.  Here, however, no such allegations exist.

Thus, "[t]he question of whether an act was committed with malicious purpose, bad faith, or with wanton and willful disregard is not a question that must be submitted to a jury, but rather, can be decided by the Court depending on the facts." *Blue v. Miami-Dade County*, No. 10-23599-CIV, 2011 WL 2447699, at *2 (S.D. Fla. 2011); *accord Prieto v. Malgor*, 361 F.3d 1313, 1320 (11th Cir. 2004) (the Florida Supreme Court "explicitly disavowed the proposition that the question of bad faith must always be submitted to the fact-finder"); *McGhee*, 679 So. 2d at 733 ("We emphasize, however, that this holding [that a factual question must be presented to the jury] is based on the questions presented by the facts at hand. *There may be cases in which summary dismissal would be proper based on different facts*.") (emphasis added).   In making this determination, the Court must look to the factual allegations in the complaint and ignore legal conclusions, which are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

As Judge Huck noted in *Blue*, "'[c]ertain intentional torts 'cannot be characterized as anything but acts committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights safety, or property.'" 2011 WL 2447699, at *2 (quoting *Dukes v. Miami-Dade County,* No. 05-22665-Civ-Huck/Simonton, D.E. 103 at 4 (S.D. Fla. July 5, 2006)).  In *Blue*, the district court held, on a motion to dismiss, that an employee's alleged actions in kicking a five-year-old child in the mouth and causing her to bleed to punish her for using the bathroom were malicious, committed in bad faith, or committed in a manner exhibiting wanton and willful disregard of human rights, safety and property.  The district court also rejected the plaintiff's argument that such a finding was improper simply because the complaint did not specifically allege bad faith, malice, or wanton and willful disregard. 2011 WL 2447699, at *1-3 (dismissing plaintiff's negligence claim against the County on the basis of sovereign immunity pursuant to Fla. Stat. § 768.28(9)(a)).

Other district courts have similarly found state law claims barred by sovereign immunity despite the plaintiff's failure to specifically allege malice, bad faith, or willful or wanton conduct. *See, e.g.*, *Knight v. Miami-Dade County*, No. 09-23462-Civ-Graham, D.E. 34 at 10-11 (S.D. Fla. June 23, 2010) (Graham, J.) (dismissing battery claims against Miami-Dade County where officers were alleged to have acted without any concern for the "safety or welfare" of the plaintiffs);

6

*Thomson v. Davenport,* No. 09-21708-Civ-Gold/McAliley, D.E. 59 at 9-10 (S.D. Fla. June 16, 2010) (Gold, J.) (dismissing Plaintiff's state law battery claim against the County after concluding that "the facts pled by Plaintiff – i.e., that Officer Davenport, without provocation, shot Plaintiff three times in the area of the left breast with his Taser gun notwithstanding the fact that she posed no threat of flight risk – exhibit a wanton and willful disregard of Plaintiff's safety as a matter of law."); *Terry v. Rodriguez*, 09-23726, 2010 WL 2342382, at *2 (S.D. Fla. June 7, 2010) (Hoeveler, J.) (dismissing claims against City of Miami where the "allegations can only equate with the kind of intentional, malicious misconduct by a state employee that does not give rise to municipal liability under Florida's waiver of sovereign immunity statute"); *Asprilla v. Trinidad*, No. 6:09–cv–101–Orl–28KRS, 2009 WL 2151156, *4 (M.D. Fla. July 14, 2009) (dismissing a battery claim against the city as barred by § 768.28(9) with prejudice on motion to dismiss; rejecting plaintiff's argument that a question of fact remained as to whether actions were willful and wanton; and stating that plaintiff's "argument rings hollow in light of Asprilla's own pleading wherein she states that Trinidad 'intentionally push[ed] Asprilla down a flight of stairs'"); *Sanchez v. Miami-Dade Cnty.*, 06-21717-CIV, 2007 WL 1746190, at *1 (S.D. Fla. Mar. 28, 2007) (King, J.) (granting motion to dismiss and finding sovereign immunity barred plaintiff's claim that officers handcuffed him, instigated a fight between him and another citizen, and then abandoned him to walk home alone).

Plaintiff's allegations here required dismissal under the second and third scenarios outlined above. The Complaint alleges that Plaintiff showed up for a Board meeting that had already concluded and asked to speak with several officials regarding what transpired and why the meeting had been cancelled. DE 14 ¶¶ 12-17. Plaintiff spoke with various officials and was seated and calm during her discussions. *Id.* Jose Lescano, a supervisor, then signaled for Plaintiff to leave. *Id.* at ¶ 18. Then, for no apparent reason, the Officers appeared and ordered Plaintiff into the hallway, followed her into an elevator, and then slammed her face first against the wall. *Id.* 14 ¶¶ 19-28. The Officers then grabbed Plaintiff's arms, beat her, and hit her repeatedly in her back, legs, arms, elbows, and hands. *Id.* ¶ 30. The officers then handcuffed her and left her in a police car for an hour in the direct sunlight and without any ventilation. *Id.* ¶ 39. The Officers later told Plaintiff that they would "make her life a living hell" if she didn't walk on her own and, after Plaintiff had collapsed for feeling dizzy and nauseous, the officers twisted her arm to get her to

walk to the Police Station.  *Id.* ¶¶ 46, 50, 54.  What is more, the Complaint also alleges that Officer Columbro slammed Plaintiff's father in the chest and aggressively slammed him against the elevator wall, again for no apparent reason.  *Id.* ¶ 27.

In short, the Complaint alleges that two police officers attacked two peaceful citizens without any justification or provocation and made an arrest for no reason whatsoever and without any arguable probable cause.  There is no indication, however, that plaintiff has pleaded her claim in the alternative.  In fact, it is clear she has not.  Plaintiff's false arrest and excessive force/battery claims are clearly pled alternatively, as required by applicable caselaw, *see id.* ¶¶ 76, 82, 86, but the Complaint contains no similar language showing that the false arrest and battery claims against the County are pled as alternative claims to the § 1983 excessive force and false arrest claims against the officers.  There is simply no plausible scenario, based on the Complaint's allegations, in which the officers could be found to have violated Plaintiff's civil rights *without* acting in a manner exhibiting bad faith, wanton, willful, or malicious conduct.

Additionally, the allegations here can only be interpreted as malicious, in bad faith, or showing reckless and wanton disregard for human rights, safety, or property.  Relying solely on the Complaint's allegations, there is no good faith explanation for this behavior.  Thus, as matter of law, the Complaint does not contain allegations through which the Court could plausibly infer, as required by *Iqbal* and *Twombly*, that the officers acted in good faith.  The claims against Miami-Dade County (Counts I and IV) must therefore be dismissed based on sovereign immunity.[3]

---

[3]    It should be noted that Miami-Dade County disputes the Complaint's version of events and accepts this version as true only as it must for purposes of a motion to dismiss.  Plaintiff, on the other hand, is bound by the Complaint's allegations as judicial admissions.  *See Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1177-78 (11th Cir. 2009); *Hunt v. Liberty Lobby*, 720 F.2d 631, 649 n.29 (11th Cir. 1983); *Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 621 (11th Cir. 1983); *Hill v. FTC*, 124 F.2d 104, 106 (5th Cir. 1941).  Plaintiff's allegations have consequences.  On the one hand, her allegations of a wanton attack by police officers against a peaceful citizen have permitted her state a claim for violation of civil rights against the officers; on the other hand, they also describe conduct for which the County cannot be held liable under state law.

## II. PLAINTIFF DOES NOT STATE A CLAIM UNDER THE FOURTEENTH AMENDMENT

Claims against an arresting police officer must be asserted under the Fourth Amendment, not the Fourteenth Amendment. In *Albright v. Oliver*, 510 U.S. 266 (1994), a four justice plurality, plus Justice Ginsburg in concurrence, found that a claim against the police officer responsible for the plaintiff's arrest is properly analyzed under the Fourth Amendment rather than under the Fourteenth Amendment's of substantive due process standard. *Id.* at 276 (Ginsburg, J., concurring); *accord Taylor v. Meacham*, 82 F.3d 1556, 1560 (10th Cir. 1996) (holding that claim for wrongful arrest and seven-week detention was cognizable only under the Fourth Amendment and that "Fourteenth Amendment substantive due process standards have no applicability" to pre-trial detainees); *Alday v. Groover*, CV 212-108, 2014 WL 1320093, at \*4 (S.D. Ga. Mar. 31, 2014) (false arrest claim could not be brought under Fourteenth Amendment); *Miller v. City of Tampa*, 8:10-CV-487-T-33EAJ, 2011 WL 2631974, at \*3 (M.D. Fla. July 5, 2011) ("The Due Process Clause of the Fourteenth Amendment provides no remedy for false arrest and malicious prosecution—such claims must be brought under the Fourth Amendment.").

While it has been noted that "it is unclear how far the Fourth Amendment's protection against unreasonable 'seizures' can reach in the pretrial context," *Taylor*, 82 F.3d at 1561 n.5, the Complaint here does not allege any substantial deprivation of liberty beyond what would normally be associated with an arrest. Rather, it alleges that Plaintiff was detained in the back of a patrol car and then driven to a police gas station. DE 14 ¶¶ 44-45. When Plaintiff collapsed, she was taken to the hospital. *Id.* ¶¶ 51-52. Finally Plaintiff was driven to a police station and placed in a cell. *Id.* ¶¶ 54-55. If the officers had probable cause to arrest Plaintiff, then none of this conduct violated clearly established law and the Officers will be entitled to qualified immunity. If, however, the Officers lacked probable cause to arrest Plaintiff, then this entire period of detention would be a violation of her liberties as an arrestee. Thus, any claim regarding Plaintiff's deprivation of liberty arising out of the allegations in the Complaint clearly falls under the Fourth Amendment only.

Counts II and III must therefore be dismissed to the extent that they assert a violation of the Fourteenth Amendment.

OFFICE OF COUNTY ATTORNEY, MIAMI-DADE COUNTY
TELEPHONE (305) 375-5151

### III.   PLAINTIFF'S FIRST AMENDMENT CLAIM MUST BE DISMISSED

Plaintiff added a First Amendment claim in her First Amended Complaint and retains it in her Second Amended Complaint.  This claim, however, is time-barred.  In addition, it is entirely unclear what First Amendment violation Plaintiff claims occurred here.  The facts as alleged give no indication that the officers were subjectively motivated to retaliate against Plaintiff for exercising her First Amendment rights.  Accordingly, this claim must be dismissed.

#### A.  The First Amendment Claim Is Time-Barred

Claims under 42 U.S.C. § 1983 "are governed by the forum state's residual personal injury statute of limitations."  *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999).  In Florida, that period is four years.  *Id.*; *see* Fla. Stat. § 95.11.  The incident described in the Second Amended Complaint occurred on April 15, 2010.  DE 14 ¶ 12.  Plaintiff's First Amendment claim, however, was not asserted until July 17, 2014, two months after the expiration of the four-year period.  DE 13 ¶¶ 92-97.  Accordingly, Plaintiff's newly added First Amendment claim is barred by the statute of limitations.

#### B.  The First Amendment Claim Fails To State A Cause Of Action

Plaintiff's First Amendment claim also fails to a claim upon which relief may be granted. Officers Columbro and Nanney raise their qualified immunity in response to this claim.

#### i.      *Qualified Immunity*

"That qualified immunity protects government actors is the usual rule; only in exceptional cases will government actors have no shield against claims made against them in their individual capacities."  *Redd v. City of Enterprise*, 140 F.3d 1378, 1382 (11th Cir. 1998) (citation omitted). Qualified immunity is designed to "allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law."  *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1254 (11th Cir. 2010) (citation omitted).

Qualified immunity is more than "a mere defense to liability."  *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S. Ct. 534(1991).  Where applicable, qualified immunity "offers complete protection

10

for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002). It is a "muscular doctrine" based in the premise that "officials can act without fear of harassing litigation only when they can reasonably anticipate – *before* they act or do not act – if their conduct will give rise to damage liability for them." *Foy v. Holston*, 94 F.3d 1528, 1534 (11th Cir.1996).

Where, as in this case, an official was acting within the scope of his discretionary authority, the plaintiff bears the burden, even at the pleading stage, to show that qualified immunity should not apply. *See Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). To do so, the plaintiff must allege facts sufficient to "make out a violation of a constitutional right" and must also show that "the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The district court is free to address the two parts of this inquiry in any order befitting the circumstances of the case. *Id.* at 236. If the court is on the fence about whether qualified immunity is appropriate, then it must give the government official the benefit of the doubt and afford her the protections of immunity. *Marsh*, 268 F.3d at 1030-31 n.8. Indeed, even a belief by the district court that "a hypothetical jury, considering all the complaint's alleged facts as true, *could* decide that the [officer] responded unreasonably is not sufficient to overcome the qualified immunity defense raised in a Rule 12(b)(6) motion." *Id.*

### ii.     *The Complaint Does Allege First Amendment Retaliation*

To state a retaliation claim under the First Amendment, the Complaint must contain plausible allegations "first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005). Setting aside the Complaint's legal conclusions, *see* DE 14 ¶¶ 93-98, which the Court may not accept as true without supporting factual allegations, *see Iqbal*, 556 U.S. at 680, 129 S. Ct. at 1951 ("We begin our analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth."), the Complaint lacks plausible allegations to sustain the first and third elements of a First Amendment retaliation claim.

11

As to the first element, it is entirely unclear what protected speech Plaintiff believes she engaged in.  Plaintiff alleges that she showed up for Board of Rules and Appeals hearing regarding a dispute she was having with Sears, that when she arrived there was no one in the board room, that she spoke with a coordinator who informed her that Sears had been granted a continuance, that a supervisor later confirmed the same information, and that Plaintiff did not agree with the fact that Sears received a continuance.  DE 14 ¶¶ 12-16.  Based on these facts, Plaintiff conclusorily alleges that "she ceased making a complaint," that the officers retaliated against her for her speech, and that her "right to seek redress for government policies and rulings" was violated.  *Id.* ¶¶ 96-98.  But the Complaint's factual allegations do not show that Plaintiff made any complaints or was in the process of redressing any grievances.  The only speech that Plaintiff is alleged to have made is (1) she "asked to speak with the Board Meeting Coordinator," *id.* ¶ 14, (2) she "asked to speak with [the] BCCO supervisor," *id.* ¶ 15, and (3) she again "asked to speak with [the] BCCO supervisor." *Id.* ¶ 16.  But the Complaint further indicates that Plaintiff was given the opportunity to speak with each and every individual with whom she requested and contains no other allegation regarding her speech prior to the arrival of the Officers.  This is a far cry from the type of protected First Amendment activity recognized in the Eleventh Circuit's cases.  *See, e.g.*, *Bennett*, 423 F.3d at 1247 (alleging that police carried out a campaign of harassment and retaliation after plaintiff supported a county referendum opposed by sheriff).

To establish causation, the third element of *prima facie* retaliation case, a plaintiff must plausibly allege that the defendant was "subjectively motivated to discipline" the plaintiff for exercising his First Amendment rights.  *Smith v. Mosley*, 532 F.3d 1270, 1278 (11th Cir 2008); *see also Gattis v. Brice*, 136 F.3d 724, 726 (11th Cir. 1998) ("To succeed in a section 1983 suit based on a claim of retaliation for speech, the plaintiff must show that his speech was a 'substantial' or 'motivating' factor in the allegedly retaliatory decision.").  Additionally, a plaintiff must show that he was "penalized for exercising the right of free speech." *Brown v. Mache*, 233 F. App'x 940, 941 (11th Cir. 2007).  In meeting this burden, a plaintiff must do more than make "general attacks" upon a defendant's motivations and must articulate "affirmative evidence" of retaliation. *Crawford-El v. Britton*, 523 U.S. 574, 600, 118 S. Ct. 1548, 1598 (1998).

Here, the Complaint does not contain plausible factual allegations showing that the officers were subjectively motivated to retaliate against Plaintiff because of her protected speech. To begin with, the only speech that Plaintiff actually alleges that she engaged in is asking to speak with various officials. Moreover, Plaintiff does not even allege that the officers were present during her initial encounter with board officials. To the contrary, Plaintiff alleges that only after *Mr. Lescano* terminated his discussion with her and *he* signaled that she should leave, Officers Coumbro and Nanney approached her for the first time and ordered her into the hallway. DE 14 ¶¶ 18-19. Thus, the facts as alleged show that it was Mr. Lescano who wanted to eject Plaintiff from the office. The face of the Complaint thus alleges an obvious alternative explanation for the Officers' conduct—that they were acting at the direction of or in service to Mr. Lescano. And there is simply not enough factual material in the Complaint to permit an inference that the Officers were subjectively motivated to retaliate against Plaintiff for her exercise of First Amendment rights. In order words, there are no facts in the Complaint establishing a causal connection between the contents of Plaintiff's speech and the Officer's decision to arrest and use force against her. The Complaint simply lacks factual allegations sufficient to plead that the Officers were "subjectively motivated to discipline" Plaintiff for exercising her First Amendment rights. *See Crawford-El*, 523 U.S. at 600, 118 S. Ct. at 1598; *Smith*, 532 F.3d at 1278.

### iii.    The Complaint Does Not Allege A Violation Of Clearly Established Law

Given Plaintiff's vague and nebulous allegations of a First Amendment violation, she will be unable to identify caselaw that would have put the officers on notice that their conduct violated a clearly established First Amendment right. Clearly established law can only be created by the Eleventh Circuit, the U.S. Supreme Court, or the Florida Supreme Court. *Williams v. Consol. City of Jacksonville*, 341 F.3d 1261, 1270 (11th Cir. 2003); *Thomas ex rel. Thomas v. Roberts*, 323 F.3d 950, 953 (11th Cir. 2003); *Hamilton v. Cannon*, 80 F.3d 1525, 1532 n.7 (11th Cir. 1996). Accordingly, Plaintiff must identify clearly established law on April 15, 2010, putting the officers on notice that the conduct alleged in the complaint violated Plaintiff's First Amendment rights. "[T]he preexisting law must give real notice of practical value to government officials, considering the specific circumstances confronting them, and not just talk of some generalized, abstract intellectual concept." *Pace v. Capobianco*, 283 F.3d 1275, 1282 (11th Cir. 2002). "The facts need not be the same as the facts of the immediate case. But they do need to be materially similar.

13

Public officials are not obligated to be creative or imaginative in drawing analogies from previously decided cases." *Adams v. St. Lucie Cnty. Sheriff's Dep't*, 962 F.2d 1563, 1575 (11th Cir. 1992) (Edmondson, J., dissenting), *approved en banc*, 998 F.2d 923 (11th Cir. 1993) (citation omitted). Thus, it is Plaintiffs' burden to come forward with a specific, binding case that prohibits the conduct at issue:

> "For purposes of qualified immunity, an abstract mandate to act 'with care' or 'reasonably' is too vague." Generalities are just not helpful. To overcome the defendants' qualified immunity, plaintiffs must establish that the defendants' conduct violated a clearly established statutory or constitutional right of which a reasonable person would have known. "In satisfying this burden, the plaintiff cannot point to sweeping propositions of law and simply posit that those propositions are applicable."

*Sanders v. Howze*, 177 F.3d 1245, 1250 (11th Cir. 1999) (citations omitted).

Accordingly, the Court should reject Plaintiff's untimely and ultimately insufficient attempt to transform her false arrest complaint into a First Amendment retaliation claim. Count VIII should be dismissed as time-barred or, alternatively, based on qualified immunity.

## <u>CONCLUSION</u>

For the reasons set forth above, Counts I and IV against Miami-Dade County must be dismissed based on sovereign immunity. Count VIII must be dismissed as time-barred or based on qualified immunity. And Counts II and III must be dismissed as to any Fourteenth Amendment theories and limited to Fourth Amendment violations.

Dated: August 11, 2014.

Respectfully submitted,

R. A. CUEVAS, JR.
MIAMI-DADE COUNTY ATTORNEY

By: /s/ Ezra S. Greenberg
    Ezra S. Greenberg
    Assistant County Attorney
    Fla. Bar. No. 85018
    Miami Dade County Attorney's Office
    111 N.W. First Street, Suite 2810
    Miami, FL 33128

14

Telephone: (305) 375-5151
Facsimile: (305) 375-5643
Email: ezrag@miamidade.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this August 11, 2014 on Plaintiff's counsel via CM/ECF.

/s/ Ezra S. Greenberg
Assistant County Attorney

## SERVICE LIST

Ezra S. Greenberg
Assistant County Attorney
Email: ezrag@miamidade.gov
Miami Dade County Attorney's Office
111 N.W. First Street, Suite 2810
Miami, FL 33128
Telephone: (305) 375-5151
Facsimile: (305) 375-5643
*Attorney for Defendants*

Gregory A. Samms, Esq.
Email: sammslaw@gmail.com
225 Alcazar Avenue
Coral Gables, FL 33134
Telephone:  (786) 953-5802
Facsimile: (786) 513-3191
*Attorney for Plaintiff*

15